IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN WILLIAM PARDUE, III,<br>Plaintiff<br><br>v.<br><br>KATHLEEN ALLISON ELKADI,<br>Administratrix of Estate of<br>JAMES O. ALLISON, deceased,<br>Defendant | No. 3:07cv355<br><br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition are the motions in limine filed by the parties in the instant case. We will rule on the motions as follows.

**Background**

On Februray 24, 2005, Plaintiff John William Pardue, III was involved in an automobile accident in Tobyhanna Township, Pennsylvania. A car traveling in the westbound lane, driven by James Allison, entered the eastbound lane and struck plaintiff's car. Allison was killed in the accident, and his passenger was severely injured. Plaintiff was also injured and instituted the instant action. He asserts that it was Allison's negligence that caused the accident. Four motions in limine have been filed, one by the defendant and three by the plaintiff.

**Discussion**

**1. Defendant's motion in limine - - - Defendant seeks to preclude the testimony of Sergeant Christopher Wagner and Steven W. Rickard**

**A. Christopher Wagner**

Following the automobile accident at issue in the instant case, Sergeant Christopher Wagner of the Pocono Mountain Regional Police Department performed an investigation and prepared a report.

Wagner concluded that the accident was caused by Allison's

negligence and "operator error" in drifting off the roadway and in then "over-steering. " Defendant asserts that there is no factual basis for these conclusions and they should be precluded.

## B. Steven W. Rickard

Steven Rickard is an expert witness obtained by the plaintiff regarding liability. He opines that Allison was negligent in failing to be attentive to the fact that he was drifting toward the shoulder of the roadway. Defendant claims that there is no factual basis for this conclusion and the witness should be precluded from testifying.

According to the plaintiff, both these witnesses made investigations into the accident. In fact, Wagner appeared on the scene shortly after the accident occurred. Their opinions are based upon the facts and, their testimony should not be precluded. We agree with the plaintiff.

The Federal Rules of Evidence provide that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.

Defendant argues that these witnesses have no factual basis for their opinions regarding the cause of the accident. They are testifying that merely because the accident happened, it was caused by the defendant's negligence, which is improper under the law. Shirley v. Clark, 271 A.2d 868, 869 (Pa. 1970). We disagree.

2

Sergeant Wagner has more facts underlying his case than merely the fact that an accident happened. For example, he investigated the scene of the accident shortly after it occurred. He also inspected the physical evidence, including the vehicles. (See Doc. 13-2, Sergeant Wagner's Accident Report).

Likewise, Rickard reviewed the evidence in reaching his conclusions. He reviewed the accident report/accident reconstruction report, photographs of the accident site and the automobiles involved, the plaintiff's deposition, the complaint and the answer thereto. (See Doc. 13-5, Rickard's report). It is proper for an expert witness to base his opinion on facts or data that are made known to him as opposed to being personally perceived by him. FED. RULE EVID. 703.

Thus, we will deny the motion in limine to preclude the testimony of Wagner and Rickard. Defendant, if she disagrees with their conclusions, can subject them to a full cross-examination. It will be up to the jury to decide who to believe.

**2. Plaintiff's Motion in limine to preclude testimony of defendant's weather expert**

Defendant has produced the expert report of Joseph P. Sobel, Ph.D., Senior Vice President of AccuWeather regarding the weather on the day of the accident.

In his report, Sobel states that:

> Unless the roadway at the site in question had been plowed very recently, the road would have been snow covered and the lines on the road would have been difficult if not impossible to see. At the rate the snow was falling, it would not have taken long for a roadway from which the snow had been removed to become snow covered again.

(Doc. 31-3, Dr. Sobel's Report at 2).

3

Plaintiff asserts that this testimony is mere speculation and has filed a motion in limine to preclude it. Defendant disagrees stating that observations and reports of the police officers at the scene and Sobel's detailed analysis of the weather on the date in question support his opinion. His opinion, thus, is not mere speculation.

After a careful review, we agree with the defendant. Dr. Sobel's report indicates that he examined surface weather observations and cooperative weather observer monthly weather summaries from all official weather observations sites within 35 miles of Blakeslee, Pennsylvania. He also examined the National Oceanic and Atmospheric Administration storm summaries, daily weather maps, the accident report and the depositions of plaintiff and Sergeant Wagner. (Id. at 3). In short, it appears that Sobel's opinion is based upon facts or data related to this case.

As with the previous motion in limine, the proper manner to attack this evidence is through cross examination and argument to the jury, not through precluding it from the trial altogether. Accordingly, this motion in limine will be denied.

### 3. Plaintiff's motion in limine to preclude testimony of defendant's liability expert Fawzi P. Bayan

Defendant has obtained the expert opinion report of Fawzi P. Bayan regarding liability in the instant case. Plaintiff seeks to preclude his testimony as being entirely speculative, and therefore, not relevant. Defendant disagrees and states the Bayan preformed an extensive accident reconstruction, including engineering analysis that used calculations and computer modeling and review of available evidence as set forth in his report. He also had many photographs of the crash damage

4

to the accident vehicles provided by the police and investigators. We agree with the defendant.

Bayan's report indicates that he examined many different matters in reaching his conclusions. These included, *inter alia*, the police accident report, depositions of various individuals, Dr. Sobel's Weather Report- which we have found to be admissible- and inspections of the vehicle. (See Doc. 33-3, Fawzi Bayan's report). Accordingly, the report is not "entirely speculative," and it will not be precluded. Plaintiff's motion in limine will be denied.

### 4. Plaintiff's motion in limine to preclude testimony of defendant's liability expert Ashley L. Dunn

Defendant has hired Ashley L. Dunn as a liability expert. Plaintiff asserts that Dunn's opinions are speculative and based upon other speculative reports. Dunn's opinions are based on assumptions and ignore the factual record according to the plaintiff. Defendant asserts that the report and opinion are not speculative but are in fact based upon facts developed through the course of discovery and the expert reports of Fawzi Bayan and Joseph Sobel. As noted above, we have found that Bayan's report and Sobel's report are not unduly speculative. Therefore, we find that it was not improper for Dunn to rely on these reports. Dunn also relied upon various documents such as the police accident report, AccuWeathwer date report, witness statements, etc. Thus, the report is not based on mere speculation and will not be precluded. Plaintiff's motion in limine will be denied.

### Conclusion

For the reasons set forth above, all the motions in limine will be

5

denied. The issues raised by the parties in their motions might best be used in cross examination or argument to the jury. Preclusion of the witnesses is not warranted. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN WILLIAM PARDUE, III,<br>Plaintiff<br><br>v.<br><br>KATHLEEN ALLISON ELKADI,<br>Administratrix of Estate of<br>JAMES O. ALLISON, deceased,<br>Defendant | No. 3:07cv355<br><br>(Judge Munley) |

## ORDER

**AND NOW**, to wit, this 14th day of February 2008, it is hereby **ORDERED** as follows:

1) Defendant's motion in limine to preclude opinion testimony from Steven W. Rickard and Christopher Wagner (Doc. 13) is hereby **DENIED**;

2) Plaintiff's motion in limine to preclude testimony of defendant's weather report (Doc. 30) is **DENIED**;

3) Plaintiff's motion in limine to preclude testimony of defendant's liability expert Fawzi P. Bayan (Doc. 32) is **DENIED**;

4) Plaintiff's motion in limine to preclude testimony of defendant's liability expert Ashley L. Dunn (Doc. 34, 35) is **DENIED**.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court